IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| **MARC NELSON** <br> 6 Rockfalls Court <br> Rockville, MD 20854 | : <br> : <br> : <br> : |
| **TALIS PETROPOULOUS** <br> 5017 Greenway Drive <br> Bethesda, MD 20816 | : <br> : <br> : <br> : |
| **ELIZABETH FESSEL** <br> 616 Nelson Street <br> Rockville, MD 20850 | : <br> : <br> : <br> : |
| **TATIANA MEJIA** <br> 10225 Frederick Ave. <br> Kensington, MD, 20895 | : <br> : <br> : <br> : |
| *On behalf of themselves and all others similarly situated* | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :   CASE NO.:  **8:18-cv-00824-CBD** |
| **TURTABLE, LLC. d/b/a MOMO** <br> 4862 Cordell Avenue <br> Bethesda, MD 20814 | : <br> : <br> : <br> : <br> :   JURY TRIAL DEMANDED |
| <u>SERVE RESIDENT AGENT</u>: <br> SUNG Y. KIM <br> 7037 BARKWATER CT. <br> BETHESDA MD 20817 | : <br> : <br> : <br> : |
| **SUNG Y. KIM** <br> 7037 BARKWATER CT. <br> BETHESDA MD 20817 | : <br> : <br> : <br> : |
| Defendants. | : |

<u>**FIRST AMENDED COMPLAINT**</u>

Plaintiffs Marc Nelson, Talis Petropoulous, Elizabeth Fessel and Tatitana Mejia, by and

1

**EXHIBIT 1**

through their undersigned counsel, and for themselves and all others similarly situated, hereby files this Complaint against Turntable, LLC d/b/a MOMO ("MOMO"), and Sung Y. Kim, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., LE Art.§ 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., LE Art. § LE 3-501 *et seq.* ("MWPCL"), and demand a jury trial, and states as follows:

## INTRODUCTION

1. This is a collective action for unpaid wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 et seq., the MWHL, Md. Code Ann., LE Art. § 3-401 et seq., and the MWPCL, Md. Code Ann., LE Art. § 3-501 et seq. Plaintiffs bring this action on behalf of themselves and all similarly situated restaurant servers who have worked at the Bethesda, Maryland, MOMO restaurant, which is owned, controlled and operated by the Defendants named herein.

2. Plaintiffs seek to recover on behalf of themselves and others similarly situated, in addition to the actual sums owed in unpaid minimum wages and overtime wages, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

## JURISDICTION AND VENUE

3. This Court has subject matter/original jurisdiction over this action pursuant to 29 U.S.C § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue and personal jurisdiction are proper pursuant to 28 U.S.C. § 139l(b), because

Defendants do business within this judicial district and the events and omissions giving rise to the claims in this Complaint occurred in this judicial district.

## PARTIES

6. Defendant MOMO is a corporation formed in the State of Maryland to engage in the operation of a restaurant, bar, and related activities. Defendants MOMO owns and operates a restaurant serving the greater Bethesda Maryland area and located at 4862 Cordell Avenue, Bethesda, Maryland.

7. At all times material herein, MOMO had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8. Defendant MOMO employs at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of MOMO who negotiate and purchase food from producers and suppliers who operate in interstate commerce. There are employees who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries. There are employees who regularly use wire and electronic means of communicating interstate, including Plaintiffs and other servers who also regularly sell food and beverages that have moved in interstate commerce, and who regularly process credit card transactions for customer payments. There are employees who use, in Defendants' restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because Plaintiff, and others similarly situated, are employed by MOMO, a covered entity, satisfying the enterprise coverage provisions under the FLSA.

9. Defendant MOMO also satisfies the coverage provisions of the MWHL.

10. As a covered enterprise, MOMO has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

11. Defendant SUNG Y. KIM is an owner of MOMO, with complete operational control of the restaurant. Upon information and belief, Mr. Kim maintains joint custody and control of MOMO business records and maintains those records, such as payroll records. Additionally, upon information and belief, for all times material to this case, Mr. Kim was, and continues to be, aware of operational issues throughout the restaurant, and is knowledgeable of MOMO's past and present employment practices and policies.  Upon information and belief, for all times material to this case, Mr. Kim possessed and continues to possess the authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at MOMO, including Plaintiffs, and possessed the ability to hire employees and Mr. Kim has terminated employees. Upon information and belief, Mr. Kim receives and continues to receive income from Defendant MOMO, and has been enriched by the failure of the Defendants to properly pay their workers. At all times material herein, Mr. Kim has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL. Mr. Kim is thus jointly and individually liable for damages to Plaintiffs, and others similarly situated opt-in Plaintiffs, arising under the FLSA, MWHL, and MWPCL.

12. As set forth below, Plaintiffs seek unpaid minimum wages and unpaid overtime wages, in amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

13. Upon information and belief, there exists more than thirty (30) employees of Defendants at MOMO who are similarly situated to Plaintiff, who have worked for Defendants in

the last three years as servers, and who have not received minimum wages and/or overtime wages, including wages at the proper rate.

14. Plaintiffs and other employees similarly situated were not exempt under the MWHL and FLSA's minimum wage and overtime requirements.

15. By failing to pay the statutory minimum wage that was due to Plaintiffs and other similarly situated server employees, Defendants willfully violated very clear and well established minimum wage provisions of the FLSA. Plaintiffs further alleges that the Defendants violated the minimum wage provisions of the MWHL. Additionally, by failing to pay overtime to Plaintiffs and similarly situated hourly employees, Defendants willfully violated very clear and well-established overtime provisions under the FLSA and the MWHL. In addition to actual sums owed, Plaintiffs seeks, on behalf of himself and other employees similarly situated, liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages and overtime owed under the MWHL pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

**FACTUAL ALLEGATIONS**

16. Plaintiffs each worked as servers at MOMO within three years of filing this complaint.

17. At the close of each shift, Defendants required Plaintiffs and other similarly situated servers to forfeit tips to their managers.   Specifically, defendants required that the plaintiffs give 10% of their shifts to management.

18. Defendants did not provide servers with an appropriate tip credit notice.

19. In any event, defendants' practices eviscerate whatever information that defendants relied upon to "inform" the Plaintiffs and other similarly situated employees as required by 29

U.S.C. § 203(m). These practices include: (a) requiring tips be shared with non-tipped workers (i.e., managers); and (b) requiring workers to pay for business losses, such as customer walkouts.

20. In addition, defendants did not pay Plaintiffs on others similarly situated an overtime premium when they worked more than forty hours in a week.

21. Defendants have violated the FLSA, the MWHL, and MWPCL insofar as they:

(a) Failed to properly record and pay at least the minimum wage for all hours worked;

(b) Maintained an invalid tip pool where a percentage of the tips of Plaintiffs and other similarly situated servers were tipped out to non-tipped management employees;

(c) Maintained a policy and practice of requiring Plaintiffs and other similarly situated servers to pay for business losses, such as reimbursement for tabs caused by customer walk-outs, resulting in not just the loss of the legal ability of Defendants to take a tip credit, but also resulting in unlawful wage deductions as to Plaintiffs and other similarly situated servers;

(d) Failed to properly pay working time over forty hours per week, at a rate no less than one and a half (1 1/2) times the regular minimum wage, to Plaintiffs and other similarly situated servers; and

(e) Failed to inform Plaintiffs and other similarly situated servers, of the tip credit provisions of 29 U.S.C. § 203(m) and Md. Ann. Code LE Art.§ 3-419, thereby requiring Defendants to have paid at least $7.25/hour for each of the hours worked by Plaintiffs and other similarly situated hourly tipped servers, as opposed to $3.63/hour, the lowest rate possible under the FLSA.

22. Defendants have violated the rights of the Plaintiff, and other similarly situated server employees, to be paid the full minimum wage. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL and must allow the tipped employees to retain all tips (except in a valid tip pooling arrangement).

23. Defendants were required by the FLSA and the MWHL (29 U.S.C. § 203(m) and Md. Ann Code LE art.§ 3-419 (respectively)), to inform tipped employees, like Plaintiffs and others similarly situated servers, that among other things, tipped employees were entitled to retain all of their tips except in a valid tip pooling arrangement, before they could potentially pay $3.63 an hour to the Plaintiffs (and others similarly situated), an hourly wage which is lower than the requirements of 29 U.S.C. § 206, and half of the minimum wage as set forth in Md. Ann. Code LE art.§ 3-413.

24. Defendants violated the 29 U.S.C. § 203(m) and Md. Ann. Code LE art. § 3-419 by failing to inform Plaintiff, and others similarly situated servers, that it was taking a so-called "tip credit" against Defendants' minimum wage obligations, the amount of the tip credit, or that Plaintiffs (and other tipped workers) had the right to retain all tips except in a valid tip pooling arrangements, or any of the other requirements set out by law. See 29 C.F.R. § 531.59(b).

25. Defendants also failed to allow Plaintiff, and those similarly situated, to retain all of their tips insofar as they maintained an invalid tip pooling arrangement.

**Causes of Action**
**COUNT I**
**(FLSA- Failure to Pay Minimum Wage)**

26. Plaintiffs incorporate the foregoing paragraphs as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants have at all material times failed to pay Plaintiffs, and other similarly situated servers, the proper minimum wage rate, free and clear of deductions and in a timely manner, by: (a) refusing and failing to inform Plaintiffs and other similarly situated servers about all of the information related to Defendants' claim of a tip credit legally required to be provided by Defendants; (b) requiring Plaintiffs and other similarly situated servers to participate

in an invalid tip pool; (c) requiring Plaintiffs and other similarly situated servers pay the cost of business losses occurring as a result of customer walkouts while Defendants nonetheless claimed a tip credit; and otherwise failing to comply with the requirements of 29 U.S.C. § 203(m) and 29 U.S.C. § 206.

27. As a result, Plaintiffs and other similarly situated hourly tipped servers who opt into this lawsuit, have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

**COUNT II**
**(FLSA- Failure to Properly Pay Overtime)**

28. Plaintiffs incorporate the foregoing paragraphs, as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiffs and other similarly situated servers overtime compensation for all times that they worked in excess of forty (40) hours per week, and willfully failed to pay overtime compensation at a wage rate of at least one and a half (1 1/2) times the applicable minimum wage rate that Plaintiffs and others similarly situated were entitled to receive as their regular rate of pay with Defendants.

29. As a result of Defendants' actions complained of herein, Defendants willfully violated Section 207(a)(l) of the FLSA, because Defendants failed to compensate Plaintiffs and other similarly situated server employees at a proper overtime rate after application of the so-called tip credit, for hours that Plaintiffs and other similarly situated server worked in excess of forty hours in a work week at a rate of not less than one and a half (1 1/2) times the applicable minimum wage as required by Federal law and Federal regulations and that Plaintiffs and others similarly situated were entitled to receive as their regular rate of pay with Defendants.

30. As a result of Defendants' actions complained of herein, Plaintiffs and other similarly situated server employees have failed to receive the overtime pay due to them, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT III
### (MWHL - Failure to Pay Minimum Wage)

31. Plaintiffs incorporate the foregoing paragraphs 1-42 as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art.§ 3-413 (minimum wage), because Defendants have, at all material times, failed to pay Plaintiffs the proper minimum wage rate for all hours worked, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Ann. Code LE Art.§ 3-419.

32. As a result, Plaintiffs have the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT IV
### (MWHL - Failure to Properly Pay Overtime)

33. Plaintiffs incorporate the foregoing paragraphs as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art.§ 3-420 (overtime) because Defendants have, at all material times, failed and otherwise refused to compensate Plaintiffs for all hours worked in excess of forty hours a work week at a rate of not less than one and a half (1½) times their regular rate of pay, as computed under Md. Ann. Code LE Art. § 3- 420.

34. Defendants' actions complained of herein constitute a violation of Section 3-415 of the MWHL, because Defendants failed to compensate Plaintiffs at a proper overtime rate after application of the so-called tip credit, for hours worked in excess of forty hours in a work week at a rate of not less than one and a half (1½) times the regular and applicable minimum wage as

required by Maryland law. As a result, Defendants owe Plaintiffs overtime wages in the amount of one and a half (1½) times the then-applicable minimum wage established by Md. Ann. Code LE Art. § 3-413 (minimum wage), for all work weeks they worked in excess of forty hours per week.

## COUNT V
### (MWPCL Act- Unpaid Wages)

35. Plaintiffs incorporate the foregoing paragraphs as set forth above, and states that the actions of Defendants, in failing to inform the Plaintiffs of the provisions of Md. Ann. Code LE art.§ 3-419; alternatively, in refusing to allow Plaintiffs to retain their tipped wages free and clear; alternatively, in failing to pay overtime wages when earned, including payment in proper amounts, are all separate violations of the MWPCL, Md. LE Art.§ 3-502(a)(ii) and§ 3-505(a).

36. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wages and overtime wages as applicable under the MWHL.

37. That impliedly, by operation of law, Plaintiffs were entitled to be paid statutory minimum wages and overtime wages by Defendants which have gone unpaid.

38. That there are no bona fide disputes between the parties as to the right of the Plaintiffs to receive minimum wages or overtime wages. That there are no bona fide disputes between the parties as to the right of the Plaintiffs to retain their tips and to be paid all lawful wages for all hours worked, arising from her employment with Defendant. Defendants knew, or should have known, that it is a covered entity under the MWHL, and that Plaintiffs performed work as employees for which they were not properly compensated.

39. Plaintiffs are entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum wages and overtime wages, that have gone unpaid.

**Prayer**

40. Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and (i) compel Defendants to provide all material contact information, including email addresses, for potential opt-in Plaintiffs who performed work as servers receiving less than the full minimum wage ($7.25/hour); (ii) issue appropriate Notices as requested in Plaintiffs' Motion for Conditional Certification; (iii) supervise the maintenance of this FLSA collective action; and (iv) supervise and enter appropriate orders allowing this matter to be tried as an FLSA collective action.

(b) Order Defendants to pay Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), pursuant to the FLSA;

(c) Order Defendants to pay the Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), an amount equal to triple the amount of unpaid minimum wages owed Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), under the MWHL, after an accounting has been performed, as Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), is entitled to such damages under MWPCL;

(d) Award Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), their attorneys' fees and costs in pursuing this action;

(e) Award Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(f) Grant Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), any additional relief that the Court deems appropriate and just.

## JURY DEMAND

Plaintiffs demand a jury trial on all of the matter raised in the complaint.

        /s/
James E. Rubin

Respectfully submitted,

  /s/
James E. Rubin
Fed. Bar. No. 15605
The Rubin Employment Law Firm, P.C.
600 Jefferson Plaza, Suite 204
Rockville, Maryland 20852
T: 301-760-7914
jrubin@rubinemploymentlaw.com

*Counsel for Plaintiffs*